IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

BARBARA WILLIAMS, :
:
      Plaintiff, :
:
VS. :
: 3 : 10-CV-07 (CDL)
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
      Defendant. :

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on January 19, 2010, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed applications for disability benefits and Supplemental Security Income on June 20, 2007. (T-12). Her claims were denied initially and upon reconsideration. (T-54-57). A hearing was held before an ALJ in Athens, Georgia on July 20, 2009. (T-20-53). Thereafter, in a hearing decision dated August 6, 2009, the ALJ determined that the Plaintiff was not disabled. (T-12-19). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-1-4).

*Statement of Facts and Evidence*

The Plaintiff was fifty-one (51) years of age at the time of the ALJ's decision, and alleged disability since July 5, 2005, primarily due to back and neck conditions. (T-12, 26). She has a high school education and past relevant work experience as an assembly line worker. (T- 155). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of degenerative disc disease, chronic obstructive pulmonary disease, asthma, obesity, hypertension, and diabetes. (T-14). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity. (T -15). Although Plaintiff could not return to any of her past relevant work, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and relied on the testimony of a Vocational Expert to determine that the Plaintiff remained capable of performing other

2

jobs that existed in significant numbers in the national economy and thus was not disabled. (T-17).

**DISCUSSION**

*Evaluation of treating physician's opinion*

The Plaintiff argues initially that the ALJ improperly disregarded the opinions of total disability issued by her treating physician, Dr. Southerland, and instead relied on the opinions issued by the non-examining physician who testified at the hearing, Dr. Anigbogu. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

The Plaintiff argues that the ALJ failed to specifically mention and evaluate certain physical and mental assessments issued by Dr. Southerland and thereby failed to adequately evaluate all of Plaintiff's limitations. The Plaintiff points to impairments in her balance and gait, difficulties with upper extremity tasks, her need to lie down two (2) hours each day, and certain mental limitations as having been evaluated by Dr. Southerland but ignored by the ALJ.

In reviewing the opinions issued by Dr. Southerland, the ALJ stated that:

> The undersigned has considered the residual functional capacity assessment for the claimant's treating physician, J. Southerland (Exhibit 13F). However no weight is given to this assessment. Dr. Anigbogu testified that this conclusion is not supported by the medical records or the diagnostic workup of Dr. Southerland. Although Dr. Southerland has been involved in the claimant's treatment, he offers no support on which to base his statements. Furthermore, his opinion is unsupported by the objective clinical evidence, significantly contradicts his examination, and is inconsistent with the evidence considered as a whole.

(T - 17).

The ALJ also reviewed all of Plaintiff's symptoms, and evaluated whether these symptoms were consistent with the objective medical record. (T - 16). Plaintiff's testimony and the objective medical record showed that the Plaintiff fell in 2008, resulting in back, neck and left ankle pain. *Id.* Subsequent x-rays revealed mild degenerative disc disease in Plaintiff's back and revealed no fracture in her ankle, while a follow-up MRI provided normal results in regard to Plaintiff's spine. *Id.* As both the ALJ and Commissioner note, Dr. Southerland's treatment notes reflect treatment of the Plaintiff for minor ailments during 2007, 2008, and 2009, and reflect no significant medical findings or course of treatment for more serious conditions. (T - 272-94, 305-29, 338-58, 367-79).

The ALJ provided specific reasons to reject the opinions of disability issued by Dr. Southerland, referencing the lack of support for Dr. Southerland's opinions from either the objective medical record or treatment notes. (T - 17). While it was Dr. Anigbogu's opinion that Dr. Southerland's notes did not support his assessments and that Plaintiff could perform light work, the ALJ primarily relied on his own examination of the objective medical record, Plaintiff's testimony and the opinions of other physicians in concluding that Dr. Southerland's opinions of disability were not supported by the objective medical record and were inconsistent with his own treatment notes. (T - 17).

Plaintiff's argument that the ALJ should have recontacted Dr. Southerland to clarify his opinion

is without merit. A medical source must be recontacted only when the evidence received from the medical source is inadequate to determine whether the claimant is disabled or not disabled. 20 C.F.R. §§ 404.1512(e), 416.912(e); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999); *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). The available evidence herein provided an adequate basis for determining Plaintiff's claim without such recontact.

To the extent that the Plaintiff also argues that the ALJ erred in relying on or mentioning the findings of non-examining consultative physician Dr. Anigbogu, the Court notes that Dr. Anigbogu testified at the hearing before the ALJ as a medical expert who had reviewed the Plaintiff's medical history. (T - 15-16). Rather than relying on Dr. Anigbogu's opinion regarding the ultimate question of disability, the ALJ questioned Dr. Anigbogu as to the strength of Dr. Southerland's conclusions regarding disability. The ALJ then set forth his own reasons for discounting Dr. Southerland's opinions. The Court finds no error in the ALJ's discussion of opinions issued by the non-examining and examining physicians. *See Compton v. Astrue*, 653 F.Supp.2d 1272, 1277 (M.D.Fl. 2009) (ALJ's decision to reject opinions of treating physician supported by substantial evidence where ALJ did not rely solely on consultative examiner's opinions in rejecting opinions of treating physician).

*Sit-Stand limitation*

The Plaintiff also argues that the ALJ failed to address a conflict between the medical testimony provided by Dr. Anigbogu and the testimony provided by the Vocational Expert regarding Plaintiff's need to alternate between sitting and standing. Dr. Anigbogu stated that in regard to light work, the Plaintiff would "[p]robably [require] a sit to stand option . . . [p]robably at her will." (T - 38, 41). When questioned about a sit/stand option at will, the Vocational Expert testified that he defined such an option using a "45-minute interval", with being able to sit or stand "at will defined as every 45 minutes". (T - 48).

5

A review of the hearing testimony and the ALJ's decision reveals no conflict as to the sit/stand option that required resolution. As the Commissioner points out, the ALJ did not adopt the sit/stand at will restriction for the Plaintiff's residual functional capacity, but rather found that the Plaintiff could perform light work "with a sit stand option and in a clean air environment". (T - 15). The objective medical evidence did not confirm a back or neck condition of sufficient severity to establish a sit/stand at will limitation, and the Plaintiff reported her primary issue to be one of prolonged standing. (T - 204, 270).

*Consultative mental examination*

Finally, the Plaintiff asserts that the ALJ erred in failing to request a consultative mental examination, inasmuch as the Plaintiff testified to suffering from depression and Dr. Southerland, Plaintiff's treating physician, reported Plaintiff's complaints of depression.

The ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts". *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). "The regulations 'normally require' a consultative examination only when necessary information is not in the record and cannot be obtained from the claimant's treating sources or other medical sources." *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001) (citing 20 C.F.R. § 404.1519a(b)). Pursuant to 42 U.S.C. § 421 (h) and *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988), the ALJ should order a consultative psychiatric examination if the combination of the claimant's testimony and the opinions of the treating physician(s) indicates the existence of a mental impairment.

The Court finds that the ALJ did not err in failing to order a consultative mental examination for the Plaintiff. "It is Plaintiff's burden, not the Commissioner's, to establish a disability." *Russell v. Astrue*, — F.Supp.2d —, 2010 WL 3827982, *12 (N.D.Ga.). Herein, the Plaintiff did not allege a

mental impairment as a basis for her disability claim and Dr. Southerland, Plaintiff's treating physician, does not reference a mental condition or impairment in his treatment notes for the Plaintiff. The record herein was developed sufficiently to determine whether the ALJ's decision was supported by substantial evidence. The ALJ "is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 20th day of January, 2011.

    s/ *THOMAS Q. LANGSTAFF*

    **UNITED STATES MAGISTRATE JUDGE**

asb